IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GURBHEZ SINGH, A77 631 651 | * |
| Petitioner, | |
| v. | * CIVIL ACTION NO. RWT-05-3344 |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT | * |
| Respondent. | * |
| | ****** |

**MEMORANDUM OPINION**

On December 12, 2005, Gurbhez Singh, a Department of Homeland Security, Immigration and Bureau of Customs Enforcement ("ICE") detainee currently housed at the Wicomico County Detention Center, filed this 28 U.S.C. § 2241 petition for writ of habeas corpus seeking immediate release. Petitioner claims that his detention is improper. (Paper No. 1.) On February 16, 2006, the government filed its Answer to the Petition arguing that the Petition should be dismissed as prematurely filed.[1] (Paper No. 3.)

According to the Petition, Singh is a citizen of India who was taken into ICE custody on September 24, 2004. He claims that he has never been apprised of the reason for his detention or his custody status. (Paper No. 1.)

Respondent confirms that Petitioner is a citizen of India who was admitted to the United States at New York, New York on or about August 8, 1998, as a non-immigrant who was authorized to stay in the United States until February 7, 1999. (Paper No. 3, Ex. A.) Petitioner remained in the

---

[1] Respondent's Motion to Substitute shall be granted. Douglas DeVenysn, the Warden of the Wicomico County Detention Center, shall be substituted as the named Respondent in accordance with Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).

United States and on April 11, 2003, was taken into custody and issued a Notice to Appear charging him with having overstayed his non-immigrant visa in violation of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(1)(B). (Id.)  Pursuant to an INS operation, Petitioner later signed a sworn statement admitting to having paid a man to arrange a fraudulent marriage so that he could apply for a green card. (Id., Ex. C.)  As a result, Petitioner was served with a Notice to Appear. (Id., Ex. D.)

Petitioner was released from custody on bond.  He appeared before an Immigration Judge ("IJ") on September 23, 2003, where he admitted and conceded all allegations contained in the Notice to Appear and was granted voluntary departure until January 10, 2004.  (Id., Ex. E.)  He waived his right to appeal.  Accordingly, the order of the IJ became final on that date. (Id.)

Petitioner did not voluntarily leave the country as agreed and was taken back into custody on September 24, 2004, pursuant to the final removal order. (Id., Ex. F.)  On October 18, 2004, Petitioner was released to the United States Marshal's Service who turned custody of Petitioner over to the New York City Police Department pursuant to a bench warrant issued by the Criminal Court of the City of New York.  (Id., Ex. F and G.) While Petitioner was in the custody of the New York City Police Department, ICE issued a detainer.  ICE took Petitioner into custody on September 25, 2005.  (Id., Ex. F and H).

The court finds that Petitioner's post-removal-order custody did not, at the time of filing, violate the dictates of Zadvydas v. Davis, 533 U.S. 678 (2001).  In Zadvydas, the Supreme Court held that INA § 241(a)(6), 8 U.S.C. § 1231(a)(6), read in light of the due process protections to be afforded to aliens who have been admitted into the United States, generally permits the detention of such an alien under a final order of removal only for a period reasonably necessary to bring about that alien's removal from the United States. Zadvydas, 533 U.S. at 701.  Associate Justice Stephen

G. Breyer, writing for the majority, concluded that the detention of such an alien beyond the statutory removal period, for up to six months after the removal order becomes final, is "presumptively reasonable." Id.  After six months, if an alien can provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must rebut the alien's showing in order to continue the alien in detention.  Id.

Petitioner's removal order became final on September 23, 2003.  Although Petitioner came into ICE custody on September 24, 2004, he was released to other law enforcement agencies on October 18, 2004.  He did not return to ICE custody until September 25, 2005, and as such his detention did not begin until that day.  When Petitioner filed the instant petition on December 12, 2005, he was within the presumptively reasonable six-month period, and the petition was therefore premature.  The six-month presumptively reasonable period, however, has now passed and Petitioner remains in ICE custody.  See Olajide v. B.I.C.E. 402 F. Supp. 2d 688 (E.D. Va. 2005) (holding ripeness is a question of timing, and the status of the case, at the time the merits are considered must control the analysis).  Accordingly, Respondent shall be directed to answer the Petition addressing the likelihood of Petitioner's removal in the reasonably foreseeable future.

A separate Order follows.

Date: 4/4/06

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE