IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GURBHEZ SINGH, A77 631 651 | * |
|         Petitioner, | |
|     v. | *   CIVIL ACTION NO. RWT-05-3344 |
| U.S. IMMIGRATION AND CUSTOMS | * |
|  ENFORCEMENT | |
|         Respondent. | * |
| | ****** |

### **MEMORANDUM OPINION**

On December 12, 2005, Gurbhez Singh, a Department of Homeland Security, Immigration and Bureau of Customs Enforcement ("ICE") detainee currently housed at the Wicomico County Detention Center, filed this 28 U.S.C. § 2241 petition for writ of habeas corpus seeking immediate release, alleging that his continued detention violate the dictates of Zadvydas v. Davis, 533 U.S. 678 (2001). (Paper No. 1). On February 16, 2006, the government filed its Answer to the Petition arguing that the case should be dismissed as prematurely filed.[1] (Paper No. 3.) The undersigned found that at the time the Petition was filed, Petitioner was within the presumptively reasonable six-month period articulated in Zadvydas, and the petition was therefore premature. The undersigned further found that the six-month presumptively reasonable period, however, had passed at the time the court considered Respondent's Answer to the Petition. In accordance with Olajide v. B.I.C.E., 402 F. Supp. 2d 688 (E.D. Va. 2005),[2] Respondent was directed to answer the Petition addressing

---

[1] Respondent's Motion to Substitute shall be granted. Douglas DeVenysn, the Warden of the Wicomico County Detention Center, shall be substituted as the named Respondent in accordance with Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).

[2] Olajide held that ripeness is a question of timing, and the status of the case at the time it is considered on the merits controls the analysis.

the likelihood of Petitioner's removal in the reasonably foreseeable future. (Paper Nos. 5 and 6). The Court is now in receipt of Respondent's court-ordered response. (Paper No. 8). Respondent's Answer also contains a Notice of Intent to Remove. Id.

No oral argument is necessary because the issue has been fully briefed. See Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will by separate Order dismiss the Petition for Writ of Habeas Corpus.

## I. Background

As previously summarized by the court, Petitioner is a citizen of India who was taken into ICE custody on September 24, 2004. Petitioner was admitted to the United States at New York, New York on or about August 8, 1998, as a non-immigrant who was authorized to stay in the United States until February 7, 1999. (Paper No. 3, Ex. A.) Petitioner remained in the United States and on April 11, 2003, was taken into custody and issued a Notice to Appear charging him with having overstayed his non-immigrant visa in violation of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(1)(B). (Id.) Pursuant to an INS operation, Petitioner later signed a sworn statement admitting to having paid a man to arrange a fraudulent marriage so that he could apply for a green card. (Id., Ex. C.) As a result, Petitioner was served with a Notice to Appear. (Id., Ex. D.)

Petitioner was released from custody on bond. He appeared before an Immigration Judge ("IJ") on September 23, 2003, where he admitted and conceded all allegations contained in the Notice to Appear and was granted voluntary departure until January 10, 2004. (Id., Ex. E.) He waived his right to appeal. Accordingly, the order of the IJ became final on that date. (Id.)

Petitioner did not voluntarily leave the country as agreed and was taken back into custody on September 24, 2004, pursuant to the final removal order. (Id., Ex. F.) On October 18, 2004,

Petitioner was released to the United States Marshal's Service who turned custody of Petitioner over to the New York City Police Department pursuant to a bench warrant issued by the Criminal Court of the City of New York. (Id., Ex. F and G.) While Petitioner was in the custody of the New York City Police Department, ICE issued a detainer. ICE took Petitioner into custody on September 25, 2005. (Id., Ex. F and H). Petitioner is scheduled to be removed on or after May 16, 2006. (Paper No. 8, Ex. A).

## II. Analysis

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that post-removal order detention under 8 U.S.C. § 1231(a) is implicitly limited to a period reasonably necessary to bring about the alien's removal from the United States and does not permit indefinite detention. In sum, the Supreme Court found that after an order of deportation became final, an alien may be held for a six month period. After this period:

> [o]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Zadvydas, 533 U.S. at 701.

Petitioner has failed to meet his burden of proof in that he has offered no evidence that his removal is not significantly likely in the reasonably foreseeable future. To the contrary, Respondent's recent filings with the court, evidencing that the necessary travel documents have been received and that Petitioner's deportation to India is now imminent, refute any such contention and

3

render Petitioner's habeas challenge to his post-order detention under <u>Zadvydas</u> moot.

### III. Conclusion

In light of the foregoing the Petition for Habeas Corpus relief shall be dismissed. A separate Order follows.

| | |
|---|---|
|   5/15/06   |   /s/   |
| Date | ROGER W. TITUS<br>UNITED STATES DISTRICT JUDGE |